IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 6:21-CR-00057-H-BU |
| | § | |
| | § | |
| BIG LAKE GAS PLANT, LP (1) | § | |

### REPORT AND RECOMMENDATION ON PLEA OF GUILTY
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Defendant, BIG LAKE GAS PLANT, LP (1), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997) and Sixth Amended Special Order 13-9,[1] appeared through its attorney and organizational representative, Scott Janoe, by video teleconference before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure. The Government appeared through Special Assistant U.S. Attorney Sean J. Taylor. The undersigned determined that Defendant, through its representative, knowingly and voluntarily consented to enter a plea of guilty by video teleconferencing after consultation with counsel.

Defendant's organizational representative was placed under oath and personally examined in open court by the undersigned concerning his authority to enter a plea of guilty on behalf of the Defendant. Specifically, the undersigned determined through the Defendant's representative that:

1. Defendant Big Lake Gas, L.P. (Big Lake Gas), is a limited partnership under the laws of Texas, and the sole defendant in this case.

---

[1] Special Order 13-9 and its amendments authorized the use of video teleconferencing for the taking of felony guilty pleas in cases in which the district judge has made a finding that the plea cannot be further delayed without serious harm to the interests of justice. Upon the joint motion of both parties, the district judge has made such a finding in this case.

2.  Reagan County Gas Gathering GP, Inc. (Reagan County Gas), is the sole general partner of Big Lake Gas.

3.  Reagan County Gas has the authority to make all decisions related to litigation and legal matters on behalf of Big Lake Gas, including the authority to make decisions related to criminal matters and the resolution thereof.

4.  Reagan County Gas has a Board of Directors that has the legal authority and power to make all decisions related to the operation of Reagan County Gas and Big Lake Gas, including decisions related to this criminal matter and the plea agreement between the parties.

5.  Scott Janoe is the attorney and organizational representative of Big Lake Gas and the Board with full authority to bind Big Lake Gas, including through the execution of the plea agreement in this case and the entry of a plea of guilty.

The undersigned determined that the Defendant's representative understood each subject in Rule 11(b)(1), had explained those subjects to the Board, and had satisfied himself that the Board understood each subject.

Defendant pleaded guilty, through its representative, under a plea bargain agreement with the government, to Count One and Count Two of the two-count Information charging Defendant with a violation of 42 U.S.C. § 7413(c)(1), Knowing Violation of the Clean Air Act, and 42 U.S.C. § 7413(c)(4), Negligent Endangerment.  After examining Defendant's representative under oath, the undersigned magistrate judge FINDS the following:

1.  Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. Defendant, through its representative and the Board of its sole general partner, fully understands the nature of the charges, including each essential element of the offense(s) charged and the associated penalties;

3. Defendant, through its representative and the Board of its sole general partner, fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant, through its representative and the Board of its sole general partner, understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant's representative, Scott Janoe, has full authority to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

**The undersigned notes that the plea agreement contains a Rule 11(c)(1)(C) agreement stipulating that a specific sentence or sentencing range is the appropriate disposition of the case.  See Fed. R. Crim. P. 11(c)(1)(C). The undersigned specifically examined Defendant's representative concerning this Rule 11(c)(1)(C) agreement. Thereafter, Defendant's representative acknowledged understanding that the district judge is not bound by this agreement, but that if the district judge chooses not to follow that agreement, the district judge will provide Defendant the opportunity to withdraw its plea of guilty.  However, if Defendant chooses not to withdraw its plea of guilty under those circumstances, Defendant's representative expressed understanding that the district judge may impose a more severe sentence without being bound by the terms of the Rule 11(c)(1)(C) agreement.  Therefore, if**

**the court accepts this Report and Recommendation on Plea of Guilty, and adjudges Defendant guilty, it is the further recommendation of the undersigned that the district judge reserve judgment on accepting the plea agreement until after the Presentence Report is completed and the sentencing hearing is conducted.**

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if Defendant has any objections to these findings or any other action of the undersigned, it is required to make those known to the United States district judge within fourteen (14) days of today.

The Clerk will furnish a copy of this Order to each of attorney of record.

Signed on: 30th day of September, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE